UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ZULEYKA SALGADO COLON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3:19-cv-01797-JAW |
| | ) |
| HOSPITAL HERMANOS | ) |
| MELENDEZ, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR RECONSIDERATION
AND DISMISSING MOTION TO STRIKE**

After the court ordered the parties to respond to whether a late-disclosed expert witness should be allowed to testify, the defendant failed to respond, causing the court to grant an order allowing the plaintiff's expert witness to testify. Pleading excusable neglect, the defendant now asks for reconsideration of the order or, in the alternative, a new trial date to allow it to obtain its own expert. Finding that there is no excusable neglect and, to the contrary, the defendant caused its own exigency, the court declines to reconsider its order and to reschedule trial on this long-delayed civil action. The court leaves the parties to their devices as to discovery issues and the possibility of a new defense expert.

**I.   BACKGROUND**

On October 25, 2022, the Court issued an order concerning whether the Plaintiff Zuleyka Salgado Colón will be permitted to call Nurse Jessica Smith as an expert witness. *Order on Expert Witness* (ECF No. 92) (*Expert Order*). The Court

drew one final conclusion, one preliminary conclusion, and it deferred one issue: 1) that the Plaintiff had failed to comply with her discovery obligations by failing to properly designate Nurse Smith; 2) that preliminarily the Plaintiff would not be allowed to call Nurse Smith as an expert witness during her case-in-chief; and 3) that the Court would defer ruling on whether the Plaintiff would be allowed to call Nurse Smith as a rebuttal expert pending more information from the parties. *Id.* at 1. Aware that the First Circuit in *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 78 (1st Cir. 2009) listed five factors for a trial court to evaluate before precluding an expert witness and noting that the parties had not satisfactorily addressed these five issues, the Court ordered the Plaintiff to file a motion within seven days of October 25, 2022, addressing the *Esposito* factors. *Expert Order* at 9. The Court imposed the same seven-day deadline for the Plaintiff to move to call Nurse Smith as a rebuttal witness. *Id.* at 9-11.

On October 28, 2022, the Plaintiff filed a motion for leave to include Nurse Smith as an expert witness either in her case-in-chief or rebuttal. *Mot. for Leave to Include Nurse Jessica Smith as Pl.'s Expert or Rebuttal Witness* (ECF No. 96) (*Pl.'s Mot. for Leave*). The docket entry notes: Responses due by 11/14/2022. *Id.* The Defendant Hospital Hermanos Meléndez failed to respond to the Plaintiff's motion and on December 2, 2022, the Court granted the motion, noting the Defendant's failure to respond and concluding that the Defendant waived its right to object to the Plaintiff calling Nurse Smith either in her case-in-chief or in rebuttal. *Order on Mot.*

*for Leave to Include Nurse Jessica Smith as Pl.'s Expert or Rebuttal Witness* (ECF No. 101).

On December 19, 2022, the Defendant filed an urgent motion for reconsideration of the Court's December 2, 2022 order. *Urgent Mot. for Recons. or Req. for Continuance of Trial* (ECF No. 107) (*Def.'s Mot.*). On December 20, 2022, the Plaintiff filed a motion to strike the motion for reconsideration. *Mot. to Strike Def.'s "Urgent Mot. for Recons. or Req. for Continuance of Trial" at Docket Entry 107 Filed Last Night* (ECF No. 108) (*Pl.'s Mot.*).

II.   **POSITIONS OF THE PARTIES**

   A.   **The Defendant's Motion for Reconsideration**

Hospital Hermanos Meléndez asks the Court to reconsider its December 2, 2022 order on several bases. First, it argues that Plaintiff's October 28, 2022 motion failed to meet *Esposito* standards. Second, it contends that the December 2, 2022 order gives the Plaintiff "an undue advantage at the trial, by allowing Ms. Smith's testimony to go unrebutted as [Defendant] will **not** be able to find an expert at this stage of the proceedings nor depose Ms. Smith, all while complying with the current Court mandated pre-trial deadlines." *Id.* Third, it reviews the history of this litigation and says that it has "diligently prosecuted its defenses in this case." *Id.* Fourth, it maintains that the Plaintiff has failed to meet court-ordered expert designation deadlines. *Id.* at 3. Fifth, the Defendant says that it failed to comply with the court-ordered deadline due to excusable neglect. *Id.* at 4. Finally, if the Court is not willing to reconsider its order, the Defendant asks that the trial be

3

continued for three months to allow it to obtain a new expert and complete discovery. *Id.*

Regarding excusable neglect, the Defendant says that its delay in responding to the motion was due to neglect by its attorney. *Id.* at 19. The Defendant points to "the aftermath of Hurricane Fiona, as well as a [COVID]-19 and influenza outbreaks in the undersigned's office." *Id.* This combined with a "hectic work schedule and work-related travel schedule." *Id.*

### B. The Plaintiff's Motion to Strike

On December 20, 2022, the Plaintiff filed a motion to strike the Defendant's motion for reconsideration. *Pl.'s Mot. to Strike* at 1-2. The Plaintiff argues that the motion for reconsideration is "nothing more than a disguised motion for continuance." *Id.* at 1. The Plaintiff maintains that the Defendant has failed to demonstrate "just cause as to why the Court should revisit this matter again and waste the limited resources of the Court." *Id.* The Plaintiff rejects the Defendant's claim that "work schedule overload" was the cause of its failure to respond to the motion. *Id.* The Plaintiff views the Defendant's behavior as "contemptuous [and] disrespectful." *Id.* at 2.

### III. DISCUSSION

### A. The Merits of the December 2, 2022 Order

Although the Defendant presses the merits of the December 2, 2022 order as if it had opposed it, the reason that the Court granted the Plaintiff's motion for leave to include Nurse Smith as an expert witness is that the Defendant then failed to respond

4

at all and make the arguments it is making now. In applying the *Esposito* factors to the Plaintiff's motion, the Court may well have granted the Plaintiff's motion, even if the Defendant had opposed it. As the First Circuit pointed out in *Esposito*, "Esposito's need for the expert was so great that the magistrate judge's decision to preclude the expert, although not technically a dismissal of Esposito's case, effectively amounted to one." 590 F.3d at 78. As the Plaintiff pointed out in her motion, "Nurse Smith is plaintiff's only nursing expert in this case." *Mot. for Leave* at 2. For the Court to deny the Plaintiff's motion for leave may have been fatal to the Plaintiff's malpractice claim and in *Esposito*, the First Circuit wrote that "[b]ecause all parties acknowledged that the sanction carried the force of a dismissal, the justification for it must be comparatively more robust." 590 F.3d at 79. The *Esposito* Court alluded to the imposition of a "lesser sanction, such as the imposition of fines or costs." *Id.* at 80. In reaching the merits of the motion for leave, the Court may well have allowed the Plaintiff to call Nurse Smith but imposed some sanctions to reflect her failure to comply with the Court's discovery orders. Accordingly, the Court rejects the Defendant's argument that, if it had contested the Plaintiff's motion for leave, it would have successfully precluded Nurse Smith's testimony as an expert at trial.

    **B.**    **Hurricane Fiona, COVID-19, and the Flu**

According to the United States Census Bureau, Hurricane Fiona was "a powerful and long-lived tropical cyclone which caused widespread damage over portions of the Caribbean . . .", including Puerto Rico. https://www.census.gov/topics/preparedness/events/hurricanes/fiona.html. The Census Bureau states that

5

Hurricane Fiona formed on September 13, 2022 and dissipated on September 25, 2022. *Id.* The Court is certainly aware that Puerto Rico has suffered in recent years from powerful and destructive hurricanes, including Maria in 2017. But, here, the Plaintiff was able to file her motion on October 28, 2022 and the Defendant's response was due on or before November 14, 2022, almost two months after Hurricane Fiona had dissipated. Furthermore, the Court has several cases pending in Puerto Rico and, unlike the aftermath of Maria, in none of the other cases has counsel filed a motion for extension using Fiona as an excuse for a late filing or an inability to meet a court-imposed deadline. Based on the record, the Court is not convinced that the Defendant was unable to file something with the Court or at least to alert the Court that he was experiencing difficulty making the filing due to Fiona. The Court rejects his Fiona excuse.

Nor is the Court moved by the Defendant's allusion to COVID-19 and seasonal flu. Certainly, if a lawyer had pointed to COVID-19 during the most lethal period of the pandemic, he would have found a sympathetic ear with the Court. But the pandemic is easing into an endemic and the flu is seasonal. Offering only generalities, the Defendant has presented no specific reason for the Court to find that either provides a proper excuse for failing to comply with a court-ordered deadline.

### C. The Busy Lawyer

Even if the Court were sympathetic to defense counsel's busy lawyer protestations, the problem is that he has delayed not once but twice. The Defendant vehemently complains that the time between now and January 30, 2023 is too short

6

to allow it to obtain a new nursing expert, allow for discovery, and prepare the expert for trial. But if the Defendant had answered the motion on November 14, 2022 and the Court issued a timely order, the Defendant would have had two-and-a-half months to do so. Moreover, once the Court issued its order on December 2, 2022, the Defendant waited over two weeks to file a motion for reconsideration. Thus by Defendant's own neglect and delay, it has caused its own exigency.

The Defendant's busy lawyer explanation is a species of excusable neglect. The First Circuit has recognized "excusable neglect . . . is a somewhat elastic concept." *Hospital del Maestro v. NLRB*, 263 F.3d 173, 174 (1st Cir. 2001) (per curiam) (citation omitted). Excusable neglect motions are "committed to the district court's sound discretion," and the analysis is "at bottom an equitable one." *Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 100-01 (1st Cir. 2003). The Court must consider (1) the danger of prejudice to the non-moving party; (2) the length of any delay and its potential impact on judicial proceedings; (3) the reasons for the delay, including whether the movant had control over those reasons; and (4) whether the movant acted in good faith. *Robinson v. Wright*, 460 F. Supp. 2d 178, 180 (D. Me. 2006) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993)). Even so, the First Circuit cautioned that "counsels' inattention or carelessness, such as failure to consult or to abide by an unambiguous court procedural rule, normally does not constitute 'excusable neglect.'" *Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005).

Here, applying the four *Pioneer* factors, the Court does not conclude that the excuses proffered by the Defendant amount to excusable neglect. On September 7, 2022, the Court set trial for February 2, 2023, so the parties knew that expert witness issue was being decided in a tight timeframe. Thus, the Defendant's delays reduced the time for other ameliorative actions, such as the imposition of deposition costs and an expedited schedule of discovery. Moreover, even an indulgent court would be hard pressed to conclude that traveling to the mainland for expert depositions is anything other than the stuff of the busy practice of law and, if sufficient, few law practices could not claim leniency.

### D.     The Impact on the Trial

The Defendant argues that the absence of a defense expert would cause a "manifest injustice" by allowing the Plaintiff's expert testimony to go unrebutted. *Def.'s Mot.* at 4. The Court is not convinced. Ms. Salgado Colón alleges that she "sustained leg injuries while in the hospital to give birth." *Report of Final Pretrial Conf. and Order* at 1 (ECF No. 81). More specifically, Ms. Salgado Colón claims that after giving birth at the hospital in May 2010, nurses administered three Demerol injections into her left thigh, just below the left hip, causing swelling redness, and rigidity in the left hip. *Jt. Proposed Pretrial Order* at 3 (ECF No. 77). Ms. Salgado Colón asserts that after sustaining this injury, she received substandard medical care at the hospital, ultimately necessitating surgical treatment in June to her C-section and to the wound in her left leg. *Id.* at 3-4. She claims that Hospital Hermanos Meléndez is vicariously liable for the negligent acts of its medical and nursing staff.

*Id.* Ms. Salgado Colón's claim is against a physician, Dr. Mario Dávila Fernández, who examined her after her left leg symptoms appeared and discharged her without treating her left leg condition. *Id.* at 3. Her claim is also against the nurses, who administered multiple doses of Demerol, and caused her left leg condition. *Id.* at 5-6.

Regarding her claims against Dr. Dávila Fernández as an employee of the Hospital, Ms. Salgado Colón listed Dr. Julio Albino Vázquez as a medical expert, and to rebut Dr. Albino Vázquez, the Defendant listed Dr. Yamil Castillo as its expert physician. *Id.* at 28-29. Presumably to discuss the propriety of the nursing care, she listed Jessica L. Smith as an expert witness. *Id.* The Defendant has listed Nurse Griselle Torres and Nurse Iris Santiago as witnesses, who will testify about their injections of Demerol. *Id.* at 28.

Thus, regarding the first issue in this case, whether Ms. Salgado Colón received adequate medical care from Dr. Dávila Fernández, Nurse Smith, who is a nurse not a physician, would presumably not be called to express expert opinions beyond her expertise as a nurse. It is only the second issue, whether she received adequate nursing care, that is potentially affected by Nurse Smith's testimony. To this end, the Hospital has the right to call both Nurse Torres and Nurse Santiago to rebut Nurse Smith's expert testimony. Thus, contrary to the Defendant's position, the Plaintiff's nursing care case will not go unrebutted.

Furthermore, although the Defendant maintains that it has been blameless in failing to obtain its own nursing expert, the Court disagrees. Even though the Court

9

found that the Plaintiff had committed a discovery violation and had ordered the Plaintiff to address *Esposito*, it is also true that the Plaintiff had noticed Nurse Smith as a potential expert as of December 13, 2020. *Expert Order* at 7. Instead of consulting with its own nursing expert, the Defendant made the strategic choice to object to the Plaintiff's late disclosure of Nurse Smith and seek her preclusion. But as the Court observed in its October 25, 2022 order, even if Nurse Smith had been precluded as an expert in the Plaintiff's case-in-chief, the Plaintiff might well have been able to call her as a rebuttal witness. *Id.* at 9-10. The Defendant has not explained why it could not have consulted with a nursing expert for designation if Nurse Smith were allowed to testify.

In addition, although the Defendant says that obtaining a nursing expert at this late date would "simply be impossible," *Def.'s Mot.* at 16, the Court is not convinced. The issue of nursing malpractice is confined to the propriety of three shots of Demerol that were administered on one day. The Defendant is a hospital and presumably has access to a wide range of national and local nursing experts. If the Defendant turned its attention to expeditiously seeking and obtaining a qualified expert and moved to amend the pretrial order, the Court could deal with the discovery issues caused by the late designation and intervene to require expeditious discovery. Instead, the Defendant has made another strategic choice, albeit belatedly, only to complain about a situation largely of its own making.

In its request for relief, the Defendant demands a three-month continuance from January to March so that it can obtain a new expert and adequately prepare for

trial. *Def.'s Mot.* at 20. But the Defendant erroneously assumes that the Court would be available to try this case in March. The Court just recently scheduled a jury trial in San Juan for September, which means that the earlier possible date for a trial in this case is not until October 2023 at the earliest. Here, where the incident itself took place almost thirteen years ago in May 2010, where the lawsuit was filed in this Court in 2019, over three years ago, and where the Court and the parties are otherwise prepared to proceed to trial in late January / early February, the Court concludes that it would be unjust to continue this trial for at least another six months to accommodate a party's failure to file a timely response to a court order.

## IV.    CONCLUSION

The Court DENIES the Defendant's Urgent Motion for Reconsideration or Request for Continuance of Trial (ECF No. 107) and DISMISSES the Plaintiff's Motion to Strike Defendant's "Urgent Mot. for Recons. or Req. for Continuance of Trial" at Docket Entry 107 Filed Last Night (ECF No. 108).

SO ORDERED.

> /s/ John A. Woodcock, Jr.
> JOHN A. WOODCOCK, JR.
> UNITED STATES DISTRICT JUDGE

Dated this 21st day of December, 2022