UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ZULEYKA SALGADO COLON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HOSPITAL HERMANOS ) <br> MELENDEZ, INC., ) <br> ) <br> Defendant. ) | 3:19-cv-01797-JAW |

**ORDER ON MOTION IN LIMINE TO EXCLUDE DR. JULIO ALBINO'S AND NURSE JESSICA SMITH'S CURRICULA VITAE AND EXPERT REPORTS**

The defendant hospital files a motion in limine to exclude the plaintiff's expert witnesses' curricula vitae and expert reports from admission at trial. The plaintiff files a motion to strike the defendant's motion in limine as untimely. The Court considers the merits of the motion despite the defendant's untimely filing and concludes that although the curricula vitae and expert reports are inadmissible hearsay, the experts are nonetheless permitted to testify at trial regarding their curricula vitae and expert reports.

**I.    PROCEDURAL HISTORY AND THE PARTIES' POSITIONS**

In anticipation of trial, on December 2, 2022, the Court issued a supplemental final pretrial order, which set January 6, 2023 as the date by which any motions in limine must be filed. *Supp. Final Pretrial Order* at 1 (ECF No. 103). On December 7, 2022, the Court set this case for jury selection on January 25, 2023 and on

December 8, 2022, the Court set this case for trial from January 30, 2023 through February 2, 2023. *Order Referring Case* (ECF Nos. 104, 105).

On January 9, 2023, Hospital Hermanos Meléndez filed a motion in limine to exclude Dr. Albino's and Nurse Jessica Smith's curricula vitae and expert reports. *Mot. in Lim. to Exclude Nurse Jessica Smith and Dr. Albino's Experts Reports and Curriculum Vitae* (ECF No. 125) (*Def.'s Mot.*). The Hospital objects to Ms. Salgado Colon's introduction of "Dr. Julio Albino and Nurse Jessica Smith's experts reports and their respective curriculum vitae as evidence to be used at trial . . . since they constitute inadmissible hearsay." *Id.* at 1.19-cv-1797

On January 11, Ms. Salgado Colón filed her response and motion to strike the Hospital's motion in limine. *Mot. to Strike as Untimely and Opp'n to Def.'s Mot. in Lim. at Dockets 125 and 126* (ECF No. 129) (*Pl.'s Opp'n.*). Ms. Salgado Colón submits that the curricula vitae and expert reports should be admitted because Hospital Hermanos Meléndez's motion in limine is "untimely" since "this Honorable Court in its final pretrial order set the deadlines to file motions in limine at January 6, 2023." *Id.* at 1.

On January 11, 2023, Hospital Hermanos Meléndez filed its response. *Resp. in Opp'n to Mot. to Strike at Docket 129* (ECF No. 130) (*Def.'s Resp.*). The Hospital argues that it's motion in limine is not untimely because the Court's deadline for submission fell on a "legal holiday" and under Federal Rule of Civil Procedure 6, "if the last day of the period is a Saturday, Sunday or legal holiday, 'the period continues

2

to run until the end of the next day that is not a Saturday, Sunday or legal holiday.'"

*Id.* at 2 (quoting FED. R. CIV. P. 6(1)(c)).

### A. Timeliness of Hospital Hermanos Meléndez's Motion

Federal Rule of Procedure 6 provides:

> (a) COMPUTING TIME. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
>
> (1) *Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

FED. R. CIV. P. 6(a). However, "[t]he time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set. FED. R. CIV. P. 6 advisory committee's note to 2009 amendment. Here, the Court specified January 6, 2023 as the date by which all motions in limine must be filed. Because this is a date fixed by the Court, the time-computation provisions of Rule 6(a) do not apply. The Court concludes, therefore, that the Hospital's motion in limine was not timely filed.

Although the Court determines that the Hospital's motion in limine is untimely, the Court nonetheless considers the merits of the motion. Federal Rule of Civil Procedure 1 instructs the Court that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to

3

secure the just, speedy, and inexpensive determination of every action and proceeding." If the Court were to dismiss the Hospital's untimely motion in limine without considering its merit, otherwise inadmissible evidence would be presented to the jury simply because the Hospital misinterpreted the time calculations of Rule 6(a). Moreover, the Court previously addressed an identical issue and the resolution is clear as a matter of law. The Court, in its discretion, therefore considers the merits of the Hospital's motion in limine to exclude Dr. Albino's and Nurse Jessica Smith's curricula vitae and expert reports.

## II.  DISCUSSION

### A.  Dr. Albino's and Nurse Jessica Smith's Curricula Vitae

Hospital Hermanos Meléndez objects to Dr. Albino's and Nurse Jessica Smith's curricula vitae as hearsay under Federal Rules of Evidence 801(c) and 802. *Def.'s Mot.* at 1-3. The Hospital argues that the curricula vitae are hearsay because they "are statements that the witness did not make while testifying at trial, and are statements that Plaintiff intends to use 'to prove the truth of the matter asserted.'" *Id.* at 2 (quoting FED. R. EVID. 801(c)(2)). The Defendants cite this Court's decision in *Laureano-Monge v. Fundación Francisco Carvajal, Inc.*, No. 3:17-cv-01173-JAW, 2021 U.S. Dist. LEXIS 221245 at *43-44 (D.P.R. November 15, 2021), which reads "[t]echnically, [an expert witness's] curriculum vitae is hearsay and no exceptions apply to permit its admission."

The Court confirms its prior decision and concludes that technically, Dr. Albino's and Nurse Jessica Smith's curricula vitae are hearsay and no exceptions

apply to permit their admission. *Id.*; *see Hosse v. Sumner Cty. Bd. of Educ.*, No. 3:13C520, 2018 U.S. Dist. LEXIS 44573, at *7 (M.D. Tenn. Mar. 19, 2018); *McBride v. Kmart Corp.*, No. 14-CV-41-SWS, 2015 U.S. Dist. LEXIS 192201, at *7 (D. Wy. Jan. 13, 2015); *Sheffield v. State Farm Fire & Cas. Co.*, No. 5:14C38, 2016 U.S. Dist. LEXIS 81985, at *22-23 (S.D. Ga. June 23, 2016); *Mahnke v. Wash. Metro. Area Transit Auth.*, 821 F. Supp. 2d 125, 154 (D.D.C. 2011); *Sutfin v. City of Bono, Ark.*, No. 3:07C124, 2009 U.S. Dist. LEXIS 62327 (E.D. Ark. July 6, 2009); *Alexie v. United States*, No. 3:05C297, 2009 U.S. Dist. LEXIS 4103, at *1 (D. Ala. Jan. 21, 2009); *State v. Cobb*, No. E2017-01746-CCA-R3-CD, 2018 Tenn. Crim. App. LEXIS 502, at *26-28 (Ct. Crim. Apps. Tenn. July 6, 2018).

Even so, "in practical litigation, the parties routinely stipulate to the admissibility of curriculum vitae for reasons of common sense." *Laureano-Monge*, 2021 U.S. Dist. LEXIS 221245 at *44; *see Cobb*, 2018 Tenn. Crim. App. 502, at *27 ("Parties are not prevented from stipulating to the admission of a written CV document"); *McBride*, 2015 U.S. Dist. LEXIS 192201, at *7 ("[C]urricula vitae are routinely admitted into evidence"). Typically, more than one party will call witnesses (often experts) and will seek to admit their resumes, and if the curriculum vitae of the opponent's witness is excluded on the basis of hearsay, the same exclusion will apply to the party's own witness's curriculum vitae.

But more to the point, the same evidence is admissible through the direct testimony of the witness. *Hosse*, 2018 U.S. Dist. LEXIS 44573, at *7-8 ("Plaintiff can testify to all of the relevant experiences listed on his resume from personal

5

knowledge"). Thus, the *Cobb* Court observed that the exclusion of a curriculum vitae "may be a case where one wins the battle but loses the war" because the objecting party "could not prevent the witness from testifying about all of the information contained within the CV document." *Cobb*, 2018 Tenn. Crim. App. LEXIS502, at *27. Moreover, if a witness could not recall all the specifics in a resume, the document maybe used to refresh his recollection under Federal Rule of Evidence 612. *Hosse*, 2018 U.S. Dist. LEXIS 44573, at *8. The *Cobb* Court neatly summarized the situation by noting that "this is an example of choosing one's poison: stipulating to the admission of a written CV or insisting that the information be presented through testimony." 2018 Tenn. Crim. App. LEXIS 502, at *28.

The Court will exclude Dr. Albino's and Nurse Jessica Smith's resumes at trial (and upon objection will exclude all other resumes from all other witnesses). At the same time, the Court will allow Dr. Albino and Nurse Jessica Smith to testify to their professional backgrounds and, if they cannot recall all the details, to use the curriculum vitae to refresh their recollection.

### B.   Dr. Albino's and Nurse Jessica Smith's Expert Reports

Hospital Hermanos Meléndez objects to Dr. Albino's and Nurse Jessica Smith's expert reports on the same hearsay grounds that it objects to Dr. Albino's and Nurse Jessica Smith's curricula vitae. *Def.'s Mot.* at 3; *see* FED. R. CIV. P. 801(c), 802. Dr. Albino's and Nurse Jessica Smith's expert reports themselves are inadmissible hearsay for the same reason their curriculum vitae are inadmissible hearsay. *Jones ex rel. United States v. Mass. Gen. Hosp.*, 780 F.3d 479, 494 (1st Cir. 2015) (describing

6

an expert report as "a quintessential example of hearsay"). As with their resumes, however, Dr. Albino and Nurse Jessica Smith will be allowed to testify to the contents of their expert reports and to rely on the information in the report that medical doctors and nurses reasonably rely on in forming their medical and nursing opinions, respectively. *See* FED. R. EVID. 703 ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect"); *United States v. Morrison*, 531 F.2d 1089, 1094-95 (1st Cir. 1976).

The Court will therefore exclude Dr. Albino's and Nurse Jessica Smith's expert reports at trial but will allow Dr. Albino and Nurse Jessica Smith to testify to the contents of their expert reports and to rely on the information in the report that medical doctors and nurses reasonably rely on in forming their medical and nursing opinions.

## III.  CONCLUSION

The Court GRANTS the Defendant's Motion in Limine to Exclude Nurse Jessica Smith and Dr. Albino's Curriculum Vitae and Experts Reports (ECF No. 125) and forbids the admission of Dr. Albino's or Nurse Jessica Smith's curriculum vitae and expert reports into the record. The Court DISMISSES without prejudice the

Plaintiff's Motion to Strike as Untimely and Opposition to Defendant's Motion in Limine (ECF No. 129).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 13th day of January, 2023.