UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ZULEYKA SALGADO COLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:19-cv-01797-JAW |
| | ) | |
| HOSPITAL HERMANOS | ) | |
| MELENDEZ, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION IN LIMINE TO EXCLUDE EXPERT REPORT AND TESTIMONY OF EXPERT WITNESSES NURSE JESSICA SMITH AND DR. JULIO ALBINO**

The defendant hospital files a motion in limine to exclude the plaintiff's expert witnesses' report and testimony. The plaintiff files a motion to strike the defendant's motion in limine as untimely. The Court considers the merits of the motion despite the defendant's untimely filing, concludes that the witnesses are qualified experts and express opinions based on their expertise, which will be helpful to the factfinders, and allows the experts to testify at trial.

**I.     PROCEDURAL HISTORY AND THE PARTIES' POSITIONS**

In anticipation of trial, on December 2, 2022, the Court issued a supplemental final pretrial order, which set January 6, 2023 as the date by which any motions in limine must be filed. *Supp. Final Pretrial Order* at 1 (ECF No. 103). On December 7, 2022, the Court set this case for jury selection on January 25, 2023 and on

December 8, 2022, the Court set this case for trial from January 30, 2023 through February 2, 2023. *Order Referring Case* (ECF Nos. 104, 105).

On January 9, 2023, Hospital Hermanos Meléndez filed a motion in limine to exclude Dr. Albino's and Nurse Jessica Smith's expert report and testimony. *Mot. in Lim. to Exclude Expert Report and Testimony of Expert Witnesses Nurse Jessica Smith and Dr. Julio Albino* (ECF No. 126) (*Def.'s Mot.*). The Hospital objects to the admission of the testimony and report of Nurse Jessica Smith because the report "(1) fails to comply with the mandatory disclosure requirements of FRCP 26(a)(2)(B); and (2) Nurse Smith's report is subject to disqualification pursuant to FRE 702, 703, as well as Daubert and its progeny." *Id.* at 1.

On January 11, Ms. Salgado Colón filed her response and motion to strike the Hospital's motion in limine. *Mot. to Strike as Untimely and Opp'n to Def.'s Mot. in Lim. at Dockets 125 and 126* (ECF No. 129) (*Pl.'s Opp'n.*). Ms. Salgado Colón submits that the expert reports and testimony of Dr. Albino and Nurse Jessica Smith should be admitted because the Hospital's motion in limine is "untimely" since "this Honorable Court in its final pretrial order set the deadlines to file motions in limine at January 6, 2023," *id.* at 1, and urges the Court to "refuse to again reconsider the same issues already ruled upon" by the Court. *Id.* at 2.

On January 11, 2023, Hospital Hermanos Meléndez filed its response. *Resp. in Opp'n to Mot. to Strike at Docket 129* (ECF No. 130) (*Def.'s Resp.*). The Hospital argues that it's motion in limine is not untimely because the Court's deadline for submission fell on a "legal holiday" and under Federal Rule of Civil Procedure 6, "if

2

the last day of the period is a Saturday, Sunday or legal holiday, 'the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday.'" *Id.* at 2 (quoting FED. R. CIV. P. 6(1)(c)).

### A.   Timeliness of Hospital Hermanos Meléndez's Motion

Federal Rule of Procedure 6 provides:

> (a) COMPUTING TIME.  The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
>
> (1) *Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

FED. R. CIV. P. 6(a).  However, "[t]he time-computation provisions of subdivision (a) apply only when a time period must be computed.  They do not apply when a fixed time to act is set.  FED. R. CIV. P. 6 advisory committee's note to 2009 amendment. Here, the Court specified January 6, 2023 as the date by which all motions in limine must be filed.  Because this is a date fixed by the Court, the time-computation provisions of Rule 6(a) do not apply.  The Court concludes, therefore, that the Hospital's motion in limine was not timely filed.

Although the Court determines that the Hospital's motion in limine is untimely, the Court nonetheless considers the merits of the motion.  Federal Rule of Civil Procedure 1 instructs the Court that the Federal Rules of Civil Procedure

"should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Because the merits here are clear as a matter of law, the Court, in its discretion and in the interest of justice, considers the merits of the Hospital's motion in limine to exclude Dr. Albino's and Nurse Jessica Smith's reports and expert testimony. Furthermore, as the ruling favors Ms. Salgado Colón, there can be no prejudice to her from the Court's reaching the merits of the Hospital's motion.

## II.   DISCUSSION

Federal Rule of Evidence 702 governs the admission of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. "To give an expert opinion, a witness must be 'qualified' by 'knowledge, skill, experience, training, or education' to do so, and the judge must vet the opinion to ensure it's 'reliable.'" *United States v. Montijo-Maysonet*, 974 F.3d 34, 47 (1st Cir. 2020). More specifically, in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court designated trial judges as gatekeepers responsible for determining whether Rule 702's requirements are met in any given case. *Id.* at 597. The Court possesses broad discretion to determine whether proffered expert testimony meets *Daubert*'s requirements for admissibility. *Id.*; *see Carballo Rodriguez v. Clark Equip. Co.*, 147 F. Supp. 2d 81, 83 (D.P.R. 2001) ("When

assessing the reliability of technical or specialized expert testimony, as opposed to scientific testimony, the trial judge exercises 'broad latitude' both in how it determines the reliability of the testimony, and in the ultimate reliability determination") (citing *Kumho Tire Co.*, 526 U.S. at 149).

After review of the experts' reports, the Court concludes that both Dr. Albino and Nurse Smith are qualified as experts in the medical and nursing fields, respectively. The Court further concludes that both experts express opinions based on their expertise, which will be helpful to the factfinders, and that these reports are sufficiently relevant and reliable to present to a jury in accordance with Federal Rule of Evidence 702. *See Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 31 (1st Cir. 2012) ("[D]istrict courts . . . act as gatekeepers, ensuring that an expert's proffered testimony 'both rests on a reliable foundation and is relevant to the task at hand'") (quoting *Daubert v. Merrell Down Pharms., Inc.*, 509 U.S. 579, 597 (1993)). As the United States Supreme Court has written, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 576.

### III. CONCLUSION

The Court DENIES the Defendant's Motion in Limine to Exclude Expert Report and Testimony of Expert Witnesses Nurse Jessica Smith and Dr. Julio Albino (ECF No. 126). The Court DISMISSES without prejudice the Plaintiff's Motion to Strike as Untimely and Opposition to Defendant's Motion in Limine (ECF No. 129).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 13th day of January, 2023.